UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARQUITA FORREST, Plaintiff,

v. Civil Action No. 3:16-cv-764-DJH

BANK OF AMERICA *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Marquita Forrest, who is proceeding *pro se* and *in forma pauperis*, filed a complaint (Docket No. 1) and, pursuant to an Order of this Court, filed an amended complaint (DN 11). This matter is before the Court for screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the action will be dismissed.

**I.**

In the caption of the complaint form (DN 1), Plaintiff named Bank of America as Defendant, and in the parties' section of the form, she named three additional Defendants – Safeguard Properties; Attorney David Johnson, "debt collector"; and "Oldham Co. Circuit & District Clerk." As a basis of this Court's jurisdiction, Plaintiff checked the "Federal question" box on the form and listed the following causes of action: "Civil rights, misrepresentation; reneging on loan, double billing, hardship & death, deceit, fraud aiding & abiding, indemnification paymen[t] breach of contract." Although Plaintiff indicated that she was basing this Court's jurisdiction on the federal-question statute, she additionally completed the section of the form for jurisdiction based on diversity of citizenship. In the diversity-of-citizenship section, she indicated that she is a citizen of Kentucky (but as her address in the parties' section, she

listed a post office box address in Indiana); that Bank of America is a citizen of Florida;[1] and that as the "amount in controversy," she seeks "4m cause suicide was end result of negligence of Eron Hinkle (36) 14303 Reamers Rd. Lou. Ky, 40242." As Plaintiff's statement of claim, she wrote as follows:

> Aug. 2014 allowed double billing out of escrow account, complainted to business & corp. a loan modification was allotted then in death they took it back & continued double billing then entered estate 4 mons after suicide. Feb 15' Safeguard is 3rd parties & David Johnson Atty pursued judgement in Oldham Co. Court Ky. October 7, 2016 Knowing these facts. Kentucky Consumer Act[.]

In the complaint, Plaintiff sought the following relief: "4 million cause Eron Hinkle panic homeowner took his life because of mismanagement of Bank America til present. Also sued him knowing wrong dong renegeing on loan & double billing by insurance co, gross negligence, breach of fiduciary KCPAct."[2]

Before performing an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court entered an Order (DN 10) providing Plaintiff with an opportunity to file an amended complaint to clear up some matters in the complaint. Specifically, the Court indicated as follows:

> If Plaintiff is alleging federal-question jurisdiction, she must clarify under what federal law or statute she is bringing this action. If Plaintiff is alleging diversity jurisdiction, she must clarify her citizenship. That is, she provides an address for a post office box in Indiana but indicates that she is a *citizen* of Kentucky. She also fails to indicate where she currently resides. Finally, it is unclear whether any of the allegations in the complaint are personal to or otherwise involve Plaintiff or, instead, whether they pertain to and involve only Mr. Hinkle, and she is attempting to sue on his estate's behalf.

---

[1] While Plaintiff does not list the other three Defendants in the diversity-of-citizenship section of the complaint form (DN 1), elsewhere she provides an Ohio address for Defendants Safeguard Properties and Attorney Johnson and a Kentucky address for Defendant "Oldham Co. Circuit & District Clerk." Plaintiff provides a different address (one in North Carolina) in the amended complaint form (DN 11) for both Defendants Bank of America and Attorney Johnson.

[2] The Court presumes Plaintiff is referencing the Kentucky Consumer Protection Act.

Plaintiff filed an amended complaint on a form (DN 11). Therein, in the caption she lists as Defendants Bank of America; "Oldham Co. Court";[3] David Johnson, attorney; and Safeguard Properties. As her basis of jurisdiction, she checks the "Federal question" box on the form and lists the following as causes of action: "Ammendant – 4, KCP Act Civil Relief Act Dept of Justice v/s Bank of America." In the amended complaint form, she neither checks the "Diversity of citizenship" box nor completes the section of the form pertaining to diversity jurisdiction, with the exception of providing an amount-in-controversy of "4 million railroaded into hardship ending in death of home owner, & wrongly evicting tenant w/o court action or chance for administor or foreclosure programs." In the "Statement of Claim" section of the amended complaint form, Plaintiff indicates: "Bank of America Safeguard, David Johnson Knowing Knew I was a tenant of this property and ignored my pleas after railroaded death of homeowner Eron Hinkle & financeé." In the amended complaint, Plaintiff seeks the following relief:

> Writ to stay & emotional distress & loss of life 4 mil for mismanagement KCP Act renegeing on loan, double billing by incurance co. gross negligence, breach of fiduciary. Safeguard entered house removed items & destroyed property & tranferred electric, David Johnson represented Oldham Co. didn't allow in 1 mil ea. Asking.

To her amended complaint, Plaintiff attaches numerous exhibits, including orders from an Oldham Circuit Court case, *Bank of America, N.A. v. Eron Hinkle et al.*, Action No. 15-CI-00064. In an attached November 15, 2016, Oldham Circuit Court Order, the court indicated that it entered an order on October 11, 2016, titled "'Final Judgment and Order of Sale' and Order Referring Case to Master Commissioner for Judicial Sale." In the November 2016 order, the Oldham Circuit Court further indicated that "The Clerk has reported to the Court that she has received various filings from Marquita Forrest . . . . The Clerk has inquired of the court whether these should be filed since Ms. Forrest is not a Party to the action"; that "[t]he Court has

---

[3] In the parties' section of the form, Plaintiff sues "Oldham Circuit/Dist. Co."

examined each of the documents sent by Ms. Forrest to the Clerk and based upon the fact that Ms. Forrest is not a Party in the []action, the Court has advised the Clerk not to accept the papers for filing in this case"; that "Ms. Forrest additionally states . . . that she is currently a resident of the property, however, her mailing address is listed in New Albany, Indiana and she provided no proof of any lease or similar nature proving that she resides at the property in question"; and that "[n]one of these documents demonstrate to this Court that Ms. Forrest has any standing in this case. All of the documents appear to contest in some way the foreclosure proceeding moving forward. As a non-party to the action, Ms. Forrest cannot maintain actions and file motions to effect this case."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint and amended complaint under 28 U.S.C. § 1915(e). Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000);

*Douglas*, 150 F.3d at 606. There are two ways a federal district court may have jurisdiction over a case. *Douglas*, 150 F.3d at 607. The first is through federal-question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts practically all state-law claims.[4] She does appear to assert, however, a violation under the Fourth Amendment to the U.S. Constitution when she writes, in the amended complaint, "Ammendant – 4." The only allegation by Plaintiff that remotely could be related to a Fourth Amendment claim is her statement that Defendant "Safeguard entered house removed items & destroyed property & tranferred electric." The Fourth Amendment, however, "bars the *government* from conducting unreasonable searches and seizures." *United States v. Moon*, 513 F.3d 527, 537 (6th Cir. 2008) (emphasis added). Defendant Safeguard Properties is not a government entity but is a private entity that Plaintiff fails to allege had any relationship with the government in entering the house and removing/destroying items. *See, e.g.*, *United States v. Lambert*, 771 F.2d 83, 89 (6th Cir. 1985) ("[T]he Fourth Amendment proscribes only governmental action and does not apply to a search or seizure, even an unreasonable one, conducted by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official."); *Fitzgerald v. Hewlett Packard*, No. 1:09-CV-700, 2009 WL 2515673, at *2 (W.D. Mich. Aug. 14, 2009) ("The Fourth Amendment is, however, wholly inapplicable to a search or seizure, even an unreasonable one, effected by non-governmental entities, such as private individuals or corporations, as long as

---

[4] The Court concludes that Plaintiff is bringing this action on her own behalf because she, in her amended complaint, did not indicate that she was attempting to bring this action on Mr. Hinkle's behalf. Nevertheless, Plaintiff, as a layperson, has not shown that she is entitled to bring an action on Mr. Hinkle's behalf. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.").

they are not acting as an agent of the government or with the participation of any governmental official.") (citing *United States v. Jacobsen*, 466 U.S. 109, 113-14 (1984)). Plaintiff, therefore, fails to state a Fourth Amendment claim upon which relief may be granted.

Neither the complaint nor the amended complaint contains sufficient facts to state any other federal claim against Defendants, *see Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ( "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.") (citations and internal quotation marks omitted), or to place Defendants on notice as to any federal claim against them. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

All of the remaining claims raised by Plaintiff are state-law claims. *See, e.g.*, *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) (finding that a "foreclosure

they are not acting as an agent of the government or with the participation of any governmental official.") (citing *United States v. Jacobsen*, 466 U.S. 109, 113-14 (1984)). Plaintiff, therefore, fails to state a Fourth Amendment claim upon which relief may be granted.

Neither the complaint nor the amended complaint contains sufficient facts to state any other federal claim against Defendants, *see Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ( "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.") (citations and internal quotation marks omitted), or to place Defendants on notice as to any federal claim against them. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

All of the remaining claims raised by Plaintiff are state-law claims. *See, e.g.*, *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) (finding that a "foreclosure

action relied exclusively upon state law and could not reasonably be construed as supporting federal question jurisdiction"). Because Plaintiff's federal claim will be dismissed, the Court declines to exercise its supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Moreover, because Plaintiff indicates that she is a citizen of Kentucky and that the Oldham County District/Circuit Clerk/Court is in Kentucky, Plaintiff fails to show that she and all Defendants are citizens of different states. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Plaintiff, therefore, cannot establish diversity jurisdiction under 28 U.S.C. § 1332.

For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date: January 3, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4415.005